**Motion Granted; Affirmed and Memorandum Opinion filed October 2, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00973-CR

### MIGUEL ANGEL CONTRERAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 0850245**

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to aggravated assault causing serious bodily injury. On December 11, 2000, the trial court deferred a finding of guilt and placed appellant on community supervision for six years. On February 21, 2001, the State moved to adjudicate appellant's guilt, alleging violations of the terms of appellant's community supervision. The State subsequently amended its motion in September of 2013. Appellant entered a plea of true to the allegations in the amended motion. After a hearing, the trial court adjudicated appellant's guilt and sentenced him on September 18, 2013, to confinement for ten years in the

Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal.

Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). Appellant made known his desire to review the record. A copy of the appellate record was provided to appellant, and appellant was advised of the deadline to file any pro se response to counsel's brief. *See Kelly v. State,* 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (requiring appellate courts to assure that appellant has been provided access to the appellate record and an opportunity to file a pro se response to counsel's *Ander's* brief). As of this date, more than thirty days have passed since the deadline and the only pro se response that was filed is appellant's motion to set aside the indictment filed September 10, 2014.

We have carefully reviewed the record, counsel's brief, and appellant's motion, and we agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. We need not address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). We deny appellant's motion to set aside the indictment.

We affirm the judgment of the trial court.

PER CURIAM

Panel consists of Justices McCally, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).